IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TERRY ALLEN WILLIAMS, #44847                                             PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 3:06cv225HTW-LRA

CHRISTOPHER EPPS, et al.                                                 DEFENDANTS

MEMORANDUM OPINION

On April 20, 2006, the plaintiff filed a complaint [1-1] pursuant to 42 U.S.C. § 1983 and

requested in forma pauperis status. On April 25, 2006, this Court entered an order in the instant

action directing the plaintiff to sign and return to this Court an Acknowledgment of Receipt and

Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within 30 days.

The plaintiff has failed to respond or comply with this order.

On June 19, 2006, the plaintiff was ordered [4-1] to show cause in writing, within 15 days,

why this case should not be dismissed for his failure to comply with this Court's order of April

25, 2006. The plaintiff was warned that if he did not comply with the Court's order his case

could be dismissed without prejudice and without further notice to him.

When the plaintiff failed to comply with the order [4-1] to show cause, out of an

abundance of caution, a second order [5-1] to show cause was entered on November 29, 2006.

The plaintiff was directed to comply with this second order to show cause on or before December

13, 2006.  Once again, the plaintiff failed to comply even though he was warned that failure to do

so would result in the dismissal of this civil action.

Even though more than 20 days have lapsed since the deadline for compliance with these

orders, the plaintiff has failed to communicate with the Court, either to inquire as to the status of

his case or to comply with the orders of this Court.  It is apparent from the plaintiff's failure to

communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute

under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to

dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough

v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The Court must be able to clear its calendars of cases that remain dormant because of the

inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious

disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra,

370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and

have never appeared in this action, and since the Court has never considered the merits of

plaintiff's claims, the Court's order of dismissal should provide that dismissal is without

prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 29th day of January, 2007.

> s/ HENRY T. WINGATE
> CHIEF UNITED STATES DISTRICT JUDGE